

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 2, 1994

Honorable Bill Ratliff
Chair
Education Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-290

Re:  Whether the Code of Ethics and Standard Practices for Texas Educators continues to exist following the abolition of the Teachers' Professional Practices Commission, and related questions  (RQ-645)

Dear Senator Ratliff:

You ask several questions about the effect of the recent legislative abolition of the Teachers' Professional Practices Commission (the "commission"). Subchapter D (sections 13.201 through 13.218) of chapter 13 of the Education Code governs teachers' professional practices. The commission was created pursuant to section 13.203 of that subchapter. Section 13.202(2) provided that the term "commission," as it is used in subchapter D, "means the Teachers' Professional Practices Commission established by this subchapter." Sections 13.202(2) and 13.203 were repealed by the Seventy-third Legislature, which passed H.B. 2585, a bill which abolished a number of advisory committees to the Texas Education Agency, providing in pertinent part:

> The Teachers' Professional Practices Commission of Texas is abolished, and Sections 13.202(2) and 13.203, Education Code, are repealed.

H.B. 2585, Acts 1993, 73d Leg., ch. 771, § 19(29) at 3025.

First, you ask whether the Code of Ethics and Standard Practices for Texas Educators (the "ethics code" or "code") adopted by the commission continues to exist following the abolition of the commission. If it does, you ask "what are the means by which to amend the Code of Ethics and Standard Practices, if any?" You note that section 13.210, which has not been abolished, requires the commission to "develop and adopt a 'code of ethics and standard practices' which shall regulate and govern the conduct of members of the profession." *Id.* § 13.210(a). Subsection (d) of that section authorizes the commission "to revise or adopt amendments to the code of ethics and standard practices." *Id.* § 13.210(d).[1]

---

[1] Section 13.210(a) of the Education Code requires the commission to hold public hearings before developing and adopting the ethics code. Section 13.210(c) requires the Texas Education Agency to submit the professional standards developed by the commission to "all active certificated professional personnel in a referendum to determine approval or disapproval of each individual standard." The commission is required to give the results of the referendum "consideration before finally adopting the

We believe that the ethics code continues to exist despite the abolition of the commission. The legislature did not repeal subchapter D in its entirety, nor did it repeal any of the provisions in subchapter D that refer to the ethics code. *See, e.g., id.* §§ 13.202(3), .210, .211, .213. It is clear that the legislature was purposefully selective in repealing only sections 13.202(2) and 13.203, and that it did not intend to repeal the ethics code.

We also believe that a mechanism exists to amend the ethics code. The ethics code has been adopted as an administrative rule by the Texas Education Agency. *See* 19 T.A.C. ch. 177. Given the legislature's abolition of the commission and retention of the provisions regarding the ethics code, we believe that the Texas Education Agency has the implied authority to amend the code. *See* Educ. Code §§ 11.02, 11.24(a) ("the State Board of Education shall take actions necessary to implement legislative policy for the public school system of the state"). Therefore, we conclude that the Texas Education Agency has the authority to amend the ethics code just as it would any other administrative rule. *See id.*; *see also* Gov't Code ch. 2001 (Administrative Procedure Act); 19 T.A.C. ch. 173 (rules governing the Texas Education Agency's rules and rulemaking process).[2]

Next, you ask who now has the authority to hear complaints filed under subchapter D. Section 13.213 of the Education Code provides that the commission "shall be authorized to receive written complaints from any certified teacher of alleged violation by any member of the profession of any rule or provision of the code of ethics and standard practices, and may hear the matter . . . ." After hearing a complaint, the commission is required to "file its recommendations with the commissioner of education and shall also file with him a transcript of any evidence presented before it." Educ. Code § 13.213(d). Section 13.214 of the Education Code authorizes the commissioner to take action based on the recommendation of the commission. He is not required, however, to adopt the findings and recommendations of the commission, and may adopt rules of procedure for the conduct of hearings before him pursuant to subchapter D. *See id.* § 13.214(c).[3] In addition, section 13.211 authorizes the commissioner to warn or reprimand, or suspend or revoke the teaching certificate of a teacher who violates the ethics code. Given that the commission has been abolished and that its recommendations were not binding on the commissioner in the first place, we believe that under sections 13.211 and 13.214 the

---

(footnote continued)

standards." Educ. Code § 13.210(c). "No professional standards disapproved in the referendum vote shall be adopted." *Id.* § 13.210(e).

[2]We do not consider here the extent to which, if any, the Texas Education Agency would be required to adhere to the procedures set forth in section 13.210 in amending or revising the ethics code.

[3]The commissioner and commission's procedures for hearing complaints under subchapter D are set forth in section 157.65 and chapter 181 of volume 19 of the Texas Administrative Code. Hearings and appeals to the commissioner generally are governed by chapter 157 of volume 19 of the Texas Administrative Code.

authority to hear complaints regarding violations of the ethics code is now vested with the commissioner. Any complaints that were pending before the commission at the time of its abolition are now pending before the commissioner.[4]

Finally, you ask "if the Commissioner does decide to reinstate the [commission] in the future, will it retain the same statutory authority it had prior to the repeal of [section] 13.202(2), and [section] 13.203, and will it have jurisdiction to hear those claims that were brought to the [commission] prior to the effective date of H.B. 2585?" Section 11.958(b) of newly enacted subchapter H of chapter 11 of the Education Code provides that the commissioner may re-establish any advisory committee provided that it is re-established in accordance with subchapter H.[5] Section 11.954 requires the commissioner to adopt rules that state the purpose of an advisory committee and "describe the task of the committee and the manner in which the committee will report to the commissioner." Section 11.954 suggests that the legislature intended to give the commissioner free rein to establish the purpose and authority of any re-established advisory committee. Therefore, we believe that if the commission were re-established, its authority and jurisdiction would depend upon the rules adopted by the commissioner pursuant to section 11.954.

---

[4]We do not consider here whether the Texas Education Agency would be required to adopt new regulations to implement this authority. *See* 19 T.A.C. § 157.65, and ch. 181; *see also* 19 T.A.C. ch. 157; Gov't Code ch. 2001 (Administrative Procedure Act); 19 T.A.C. ch. 173 (rules governing the Texas Education Agency's rules and rulemaking process).

[5]Subchapter H contains provisions governing the composition of advisory commissions, as well as their selection of presiding officers, reimbursement of their members' expenses, and the commissions' evaluation and duration. Educ. Code §§ 11.951, .952, .953, .955, and .957.

## S U M M A R Y

The Code of Ethics and Standard Practices for Texas Educators continues to exist following the abolition of the Teachers' Professional Practices Commission by the Seventy-third Legislature. *See* Acts 1993, 73d Leg., ch. 771, § 19(29) at 3025. The code of ethics may be revised or amended by the Texas Education Agency pursuant to its rulemaking procedures. The authority to hear complaints regarding violations of the ethics code is now vested with the commissioner of education. Any complaints that were pending before the commission at the time of its abolition are now pending before the commissioner. If the commission were re-established, its authority and jurisdiction would depend upon the rules adopted by the commissioner pursuant to newly enacted section 11.954 of the Education Code.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW DURHAM
Deputy Attorney General for Criminal Justice

WILL PRYOR
Special Counsel

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General